SHIVERS, Judge.
Wells appeals an order of the Florida Parole and Probation Commission (Commission) extending his presumptive parole release date (PPRD) by 24 months based on information contained in two psychiatric reports, which reports the Commission contends were not available at the time of Wells’ initial interview. The Commission contends that this information constitutes “new information” justifying its action in extending appellant’s PPRD. The record, however, is devoid of any evidence which indicates whether the psychiatric reports and information contained therein were in fact available to the Commission at the date of the initial interview, beyond the Commission’s bare assertion in its order affirming its action extending appellant’s PPRD that “[t]he Commission did not have the benefit of the Psychiatric Reports at the time of the setting of your [Wells’] PPRD.” Without competent and substantial evidence in the record to support the Commission’s finding that the psychiatric reports constitute “new information” not available at the time of the initial interview, that information may not properly be relied upon as a basis for altering Wells’ PPRD. Since the record does not contain competent and substantial evidence to support the Commission’s finding that the psychiatric reports constitute “new information,” we reverse.
MILLS, J., concurs.
BOOTH, J., dissents without written opinion.