MILLS, Judge.
Clark, an inmate at the state prison at Raiford, appeals from an order denying his petition for writ of habeas corpus.
In the petition, he alleges that the Florida Parole and Probation Commission arbitrarily and without notice changed his presumptive parole release date from 21 June 1983 to 21 June 1993. Clark says the reasons given for this change were that he had not sought or received treatment for substance abuse and still had psychosexual problems. Among other things, Clark contends the Commission's actions violated Section 947.16(4), Florida Statutes (1983), providing that the presumptive parole release date may not be changed except for reasons of institutional conduct or the acquisition of new information not available at the time of the initial interview.
The trial court denied the petition stating, “Petitioner has failed to allege a factual basis that would entitle him to relief.”
On appeal, the Commission admits error in extending the presumptive parole release date and in failing to state the reasons for not authorizing an effective parole release date in a manner sufficient to permit judicial review. Because the Commission admits error, and the allegations of the petition would entitle Clark to immediate release if true, see, Wells v. Florida Parole and Probation Commission, 437 So.2d 767 (Fla. 1st DCA 1984), we reverse the order denying the habeas corpus petition and remand to the trial court with directions that it issue an order to show cause why the petition should not be granted.
Reversed and remanded with directions.
SHIVERS and WENTWORTH, JJ., concur.